(82 South. 448)

PRICE v. PRUET et al. (7 Div. 16.)

(Supreme Court of Alabama.   June 19, 1919.)

1. USURY ⬤⇒31—EVIDENCE AS TO LOAN OR FORBEARANCE.

Where a provision for interest to be paid a mortgagee at the unlawful rate of 12½ per cent. had reference to and was to serve to fix, in a contingency, the purchase price of the land, not to interest to be paid for the loan or forbearance of money, etc., there was no usury.

2. MORTGAGES ⬤⇒38(1)—ABSOLUTE DEED AS MORTGAGE—SUFFICIENCY OF EVIDENCE.

Evidence held insufficient to establish plaintiff's asserted right to have her deed to defendant declared a mortgage, to have it canceled, or to have prosecution of defendant's action of unlawful detainer enjoined, her conveyance to defendant having been in fact absolute, though he had subsequently signed an instrument that she should be permitted to purchase the land by making certain payments, failing which the relation of landlord and tenant should prevail between the parties, which subsequently happened.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Suit by Hester Price against S. W. Pruet and others. From decree for defendants, plaintiff appeals. Affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. J. Hooton, of Roanoke, for appellant. John J. Pruett and Lackey & Glass, all of Ashland, for appellees.

McCLELLAN, J. The bill was filed by the appellant against appellees. As we understand the appellant's contention, it proceeded on the theory that in October, 1908, and for some years thereafter, the relation of debtor and creditor, respectively, existed between the appellant and the appellee, S. W. Pruet, Sr.; that in October, 1908, the appellant and her children executed a warranty deed to the land in question to S. W. Pruet, Sr., reciting a consideration of $275, which was the amount at that time of appellant's indebtedness to S. W. Pruet, Sr.; that this instrument was given and taken as security for this indebtedness, and subsequently other indebtedness, though in form an absolute conveyance; and that the indebtedness secured thereby was fully paid before the present bill was filed. The object of the bill, consequent upon the primary premise indicated, is to cancel the mentioned deed, to effect an accounting between the parties, and to permanently enjoin the prosecution of the unlawful detainer suit instituted by the appellees against the appellant. The court below denied the relief sought.

[1] Consistent with the premise for her contention that the relation was that of mortgagor and mortgagee, the appellant presented evidence tending to show that, subsequent to the execution of the deed mentioned, the Pruets, one or both, exacted usury as an element of the indebtedness thereby and otherwise secured. The whole evidence on this issue has been carefully considered. While there is evidence supporting the appellant's contention that usury was paid by her, yet the distinct weight of the evidence is to the effect that nothing more than the legal rate (8 per cent.) of interest was ever exacted. The provision in Exhibit B to the bill, a paper signed by S. W. Pruet, Sr., for interest at the unlawful rate of 12½ per cent. had reference to, and was to serve to fix, in a contingency, the purchase price of the land, not to interest to be paid for the loan or forbearance of money, etc. The conclusion from the whole evidence is that the appellant did not engage to pay and did not pay any 'interest at a usurious rate.

[2] It appears from the evidence that during the years intervening between October, 1908—when the mentioned conveyance was executed by the appellant and her children— and the year 1913 the appellant was indebted to S. W. Pruet, Sr., on several accounts, accruing in part from obligations of the appellant that were assumed and discharged by S. W. Pruet,. Sr., by agreement with appellant. The record discloses a frequently manifested disposition on the part of Pruet to favor appellant and upon occasion to invest her with the willingly given contractual right to repurchase the land. Notwithstanding the legal title to the land passed to S. W. Pruet, Sr., under the conveyance executed in October, 1908, by appellant and her children—at which time it is not established, to the requisite degree of certainty, that the parties intended the deed, absolute in form, to operate as a mortgage (10 Mich. Dig. Ala. Rep. pp. 103, 104)—Pruet's conduct was susceptible of the interpretation that he then regarded the conveyance as a security for the appellant's indebtedness, variable in amount, to him. On the other hand, however, the evidence is abundant and well-nigh conclusive in its probative force that appellant regarded the absolute title to the land as being invested in Pruet, through the conveyance of October, 1908. Among other solemn acts by appellant that serve to establish and confirm this view is the instrument of date January 28, 1913, executed by appellee, where it was recited that Pruet was the owner of the land under conveyance from appellant. The main obligation expressed in this instrument was that appellant should be permitted to purchase the land by making certain payments at certain times, failing which the relation of landlord and tenant should prevail between the parties. It is proven that the payments contemplated in this instrument were not made as stipulated; and hence the relation anticipated, as upon such failure, came into existence before the action of unlawful detainer was instituted and before the present bill was filed. In such circumstances, in the light of the acts of both appellant and the Pruets, or either one of them, it cannot be affirmed that the appellant has established her asserted right to have the deed declared a mortgage or to have it canceled or to have the prosecution of the action of unlawful detainer enjoined.

Other considerations, suggested by the record, might lead to the same result; but the conclusions stated obviate any necessity to advert to them.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.